# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PHILLIP BELONE JR.** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **UNION PACIFIC** | * | **MAG. DIV.:** |
| **RAILROAD COMPANY** | * | |
| ************************************ | | **TRIAL BY JURY** |

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff, Phillip Belone Jr., a person of full age and majority residing and domiciled in the City of Baker, in the State of Louisiana, who respectfully tenders the following:

1. This Honorable Court has federal question jurisdiction by virtue of 28 U.S.C. § 1331, as this claim arises under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

2. Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) as the Defendant, the Union Pacific Railroad Company [hereinafter "UP"] owns, operates, and maintains equipment, mainline railroad tracks, and a railroad switching yard in the Western District of Louisiana. In addition, the cause of action arises from an on-duty injury sustained within UP's railyard within the Western District of Louisiana as stated below.

3. This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as the FELA, to recover damages for personal injuries

sustained by the Plaintiff in the line of duty while employed as a railroad locomotive engineer by the Defendant, UP, and while engaged in interstate commerce between the several states.

4. Defendant, UP, domiciled in Delaware, with its principal business establishment in Omaha, Nebraska does engage in interstate commerce as a common carrier by railroad, and more particularly, UP owns and operates its equipment on in the State of Louisiana, including its mainline railroad tracks and rail yard located in the Western District of Louisiana where Plaintiff sustained his injuries in the course and scope of his employment.

5. Defendant, UP, is liable unto Plaintiff, Phillip Belone Jr., for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6. On or about August 1, 2021, as part of his job duties, Plaintiff was ordered by UP to operate locomotive handbrakes on UP Engine 1961 and UP Engine 1601.

7. While performing these duties in his usual and customary safe manner, Plaintiff sustained injuries to his neck, cervical spine, and upper extremities while operating the handbrake(s). Upon information and belief, as Plaintiff operated the handbrake(s) the tightness of the handbrake(s) rendered it "inefficient" in violation of both the negligence provisions of FELA and the absolute liability provisions of the LIA.

8. Plaintiff states that at the time of this accident on August 1, 2021, he was an able-bodied railroad worker, and that the negligence of Defendant, UP, in failing to provide a reasonably safe workplace, directly caused, in whole or in part, Plaintiff's severe injuries for which he has undergone surgical treatment to his cervical spine. Furthermore, because of Defendant UP's

negligence, Plaintiff has suffered continued physical and mental pain, as well as economic loss for lost wages, fringe benefits, and unpaid medical expenses for which he demands recovery.

9.      Plaintiff further states that Defendant, UP, through their agents, servants, and employees recklessly, negligently, and/or carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of FELA, 45 U.S.C. § 51, *et seq.*, thereby causing and/or contributing to the accident; and the negligence of UP includes, but is not limited to the following acts to-wit:

   A.  In that UP, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with a reasonably safe place to work;

   B.  In that UP, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with proper assistance to perform his duties as well as proper training and instruction to safely complete his job duties;

   C.  In that UP, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with reasonably safe and proper tools and equipment to carry out his job duties;

   D.  In that UP violated its own safety and operating rules;

   E.  In that UP violated federal regulations and Railroad Locomotive Safety Standards found in title 49 of the Code of Federal Regulations Part 229 that were enacted for purpose of promoting railroad employee safety;

   F.  In that the UP handbrake(s) Plaintiff was operating at the time of his injury were "parts and appurtenances" of the locomotive(s) and were defective and created an unnecessary danger of personal injury in violation of the Locomotive Inspection Act ["LIA"] 49 U.S.C. § 20701, *et seq.*, thereby causing and/or contributing to his injury.

  G. In that the UP handbrake(s) Plaintiff was operating at the time of his injury was "inefficient" in violation of the Federal Safety Appliance Act ["FSAA"] 49 U.S.C. § 20301, *et seq*., thereby causing and/or contributing to his injury.

  H. In that UP failed to exercise due care and caution commensurate with the surrounding circumstances; and

  I. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

10. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages suffered for which he seeks recovery:

  A. Physical Pain and Suffering, Past and Future;

  B. Mental Pain and Suffering, Past and Future;

  C. Permanent Disability, if any;

  D. Loss of Enjoyment of Life;

  E. Past Lost Wages;

  F. Future Lost Earning Capacity and Fringe Benefits, if any;

  G. Unpaid Past Medical Expenses;

  H. Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy, if necessary.

11. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

12. Plaintiff is entitled to and demands a trial by jury.

  WHEREFORE, Plaintiff, Phillip Belone Jr., prays that Defendant, Union Pacific Railroad Company, be duly served with a copy of this Complaint and be summoned to appear and answer

same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Phillip Belone Jr., and against Defendant, Union Pacific Railroad Company, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Signed this 8th day of October 2021

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER LAW FIRM**

BY: */s/ Joseph M. Miller, Esq.*

**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
450 North Causeway Blvd., Suite D
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
Facsimile:  (985) 612-3072
Jmiller@davissaunders.com
**Attorneys for Plaintiff,**
**Phillip Belone Jr.**

**Please Issue Summons:**

Union Pacific Railroad Company
c/o CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808