UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PHILLIP BELONE JR** | **CASE NO. 2:21-CV-03548** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNION PACIFIC RAILROAD CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Union Pactific [sic] Railroad Company's Motion in Limine to Exclude Brake Cylinder Piston Travel Evidence" (Doc. 29). Specifically, Union Pacific moves to exclude any evidence, mention, or discussion of an adjustment of the brake cylinder piston travel on the date of the accident.

## INTRODUCTION

In his Complaint brought under the Federal Employer's Liability Act ("FELA"), Plaintiff Phillip Belone Jr. alleges that he sustained injuries while working for Union Pacific. He alleges that on August 1, 2020, at the beginning of his shift, he was in the process of inspecting two engines at the Union Pacific year, when he strained to release an alleged tight hand brake on one of the two engines. Plaintiff asserts that Union Pacific is strictly liable for the allegedly tight brake, which he claims was defective under the Locomotive Inspection Act ("LIA").

Plaintiff completed an employee report (UP 705 report) of the incident wherein he states that he "started [his] normal inspection by checking out breaker, lights, hand brakes, etc. [He] completed all of those tasks and made it back to the head engine when a sharp

pain struck [him] down [his] back and shoulders on the left side."[1] Union Pacific remarks, that the report does not mention that the hand brake on either engine Plaintiff inspected that morning was defective or too tight.[2]

Union Pacific argues that evidence of the brake cylinder travel adjustment is irrelevant and would confuse the issues and cause unfair prejudice to Union Pacific. Union Pacific also argues that evidence of the brake cylinder travel adjustment is an inadmissible subsequent remedial measure.

## **LAW AND ANALYSIS**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 401. Even relevant evidence may be excluded by the court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Evidence 403.

The touchstone of liability in cases arising under the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*. is Union Pacific's non-delegable duty to provide its railroad employees a reasonably safe workplace. *Rivera v. Union Pacific Railroad Co.*, 378 F.3d 502, 508 (5th Cir. 2004); *Yawn v. Southern Ry Co.*, 591 F.2d 312, 315 (5th Cir. 1979). FELA establishes liability against railroads "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, *or*

---

[1] Defendant's exhibit 1.
[2] *Id.*

*by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.*" 45 U.S.C. § 51. The injured railroad worker may recover damages for any injury caused in whole or part by the negligence of his employer. *Id.* (emphasis added). The "in whole or part" causation standard of FELA is a featherweight test, and the injured worker must show only that the railroad employer's negligence played the "slightest" part in causing injuries for which damages are sought. *Consol. Rail Corp.*, v. *Gottshall*, 512 U.S. at 532, 543 (1994).

Mr. Belone also asserts claims under the Federal Safety Appliance Act, ("FSAA"), 49 U.S.C. § 20301, *et seq*. and the Locomotive Inspection Act, 49 U.S.C. 20701 ("LIA"), *et seq.*, both of which impose strict liability on Union Pacific for its violations of these safety standards. *Urie v. Thompson*, 337 U.S. 163 (1949).

The FSAA requires that: A railroad carrier may use or allow to be used on any of its railroad lines: (1) a *vehicle*[3] *only* if it is equipped with...–(B) secure sill steps and *efficient handbrakes*.[4] Establishing FSAA absolute liability requires a showing of "inefficiency." There are two methods of showing the "inefficiency" of a locomotive hand brake. "Proof of an actual break or physical defect…is not a prerequisite to finding the statute has been violated."[5] "The test in fact is the performance of the appliance."10[6] "Evidence may be adduced to establish some particular defect, *or* the same inefficiency

---

[3] 49 U.S.C. § 20301 (a) ("Vehicle" means a car, locomotive, tender , or similar vehicle.)
[4] 49 U.S.C. § 20302.
[5] *Thompson v. Ala. Great S. R.R. Co.*, Civ. Action No. 13-921, at *4 (E.D. La. Mar. 12, 2014) (quoting *Myers v. Reading Co.*, 331 U.S. 477, 483 (1947).
[6] *Id.*

may be established by showing a failure to function, when operated with due care, in the normal, and usual manner."[7]

Similar to the FSAA, under the LIA, 49 U.S.C. § 20701, "a railroad carrier may use or allow to be used a *locomotive*…on its railroad line *only when the locomotive*…and its parts and appurtenances—(1) are in *proper condition and safe to operate without unnecessary danger of personal injury*." Pursuant to 45 U.S.C. § 53, any finding of liability under the FSAA or LIA serves as a *complete bar* to Mr. Belone's comparative fault, if any.[8]

Union Pacific remarks that because Plaintiff did not initially report a defect with either of the hand brakes, Union Pacific did not complete an immediate post-incident inspection of the hand brakes. Nevertheless, Union Pacific suggests that its Road Machinist, Darren Burris, subsequently made periodic inspections of the engines on that same day and did not find either hand brake to be too tight or defective.[9] Union Pacific remarks that Burris testified in his deposition that he made an adjustment of the brake cylinder piston travel, and that such an adjustment is not indicative of an overly tight hand brake. He also testified that a defective hand brake would not cause it to be tight, but loose. Union Pacific argues that evidence of an adjustment is irrelevant to the question of whether the subject hand brake was too tight. Union Pacific remarks that any mention of the brake adjustment would only serve to confuse the issues and unfairly prejudice Union Pacific's defense.

---

[7] *Myers v. Reading Co.*, 331 U.S. 477, 483 (1947).
[8] *Coray v. Southern Pac. Co.*, 335 U.S. 520, 524.
[9] Defendant's exhibit D.

Plaintiff remarks that despite federal law, 49 C.F.R. § 225.19(d)(2), that an employee must report any on-duty injuries to the Federal Railroad Administration ["FRA"] if the injury requires medical treatment, Union Pacific did not instruct Mr. Belone to complete Form 52032 until August 17, 2021. In Mr. Belone's report he indicated that he sustained neck and back injuries on August 1, 2021, as a result of releasing a "tight" locomotive handbrake. The report further noted he was taken to Urgent Care on August 1, 2021.

Plaintiff argues that evidence of the brake cylinder adjustment iS relevant and probative noting that Mr. Burris's inspection reflects that he adjusted the brake cylinder travel and the "brake shoes and rigging." Additionally, Plaintiff argues that adjustment of the brake cylinder travel is not a subsequent remedial measure to be excluded by Rule 407 or the Federal Rules of Evidence because Mr. Burris inspected the hand brake as a matter of routine maintenance, and not as a result of the subject incident.

Mr. Burris noted in his inspection report and specifically found "brake travel def,"[10] which he explained meant that it needed to be adjusted or repaired. Mr. Burris testified that if the brake travel is defective, that can make a handbrake inefficient,[11] and that brake travel def. means brake travel defective.[12]

Therefore, Plaintiff contends that Mr. Burris' testimony shows that UP Engine 160's handbrake possessed a defect in violation of the FSAA and LIA. Plaintiff argues that

---

[10] Plaintiff's exhibit C.
[11] Plaintiff's exhibit D, Darren Burris deposition, p. 89.
[12] *Id.* pp. 89-90.

whether or not the hand brake was tight is a question of fact and thus, this evidence should be allowed.

Union Pacific contends that the maintenance records show that the hand brakes were inspected on August 1, 2021, and found to be operating as intended based on Mr. Burris's testimony that the need to adjust the brake cylinder piston travel is not evidence of the hand brake being tight. Union Pacific argues that the undisputed evidence establishes that the adjustment is mechanically irrelevant to the Plaintiff's allegation of a tight hand brake. Union Pacific relies on Mr. Burris's testimony that any needed adjusting of the brake cylinder piston travel would not cause the hand brake to become too tight. Plaintiff also relies on Mr. Burris's testimony that he was not sure if the adjusted the brake cylinder piston travel because it actually fell outside of the FRA guidelines or because it was getting close to the seven-day timeframe for routine maintenance.[13] Additionally, Mr. Burris testified that had he found that a hand brake was too tight or that it was not operating as intended, he would have marked "DEF" on the inspection form and "opened another task for either lube or repair or replace handbrake."[14] Union Pacific remarks that Plaintiff is attempting to confuse the jury into concluding that one of the hand brakes was defective because the brake cylinder piston travel was adjusted that same day and Plaintiff has no evidence of how the brake cylinder travel has any connection to Plaintiff's allegations of a tight brake.

---

[13] *Id.* pp. 84-85.
[14] *Id.* p. 78.

Thus, Union Pacific maintains that the probative value of the inspection records identifying "DEF" for the brake cylinder travel is "is substantially outweighed by the danger of unfair prejudice and confusion of the issues." *Dempster v. Lamorak Ins. Co.*, 488 F. Supp. 3d 472 (E.D. La. 2020) (excluding evidence of regulatory citations for issues unrelated to the alleged basis of liability – asbestos exposure – because it would unfairly prejudice defendants and cause jury confusion); see also *In re Oil Spill by Oil Rig DEEPWATER HORIZON in Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2012 WL 413860, at *2 (E.D. La. Feb. 9, 2012) (same).

Plaintiff argues that evidence that Mr. Burris adjusted the brake cylinder travel is relevant to the issue of control, ownership, and impeaches Union Pacific's claim that the handbrake was normal or "efficient."

The Court finds that evidence that Mr. Burris adjusted the brake cylinder travel is relevant and admissible. Union Pacific will be able to address its concerns at the trial of this matter with a vigorous and thorough cross-examination. Accordingly,

**IT IS ORDERED** that Union Pactific [sic] Railroad Company's Motion in Limine to Exclude Brake Cylinder Piston Travel Evidence (Doc. 29) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 17th day of October, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**